IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARELLI WONG & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 07 C 6227 |
| | ) | |
| WILLIAM M. NICHOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COUNTS
I AND II OF PLAINTIFFS' COMPLAINT**

Defendant, WILLIAM M. NICHOLS, by and through his attorneys, McCabe &

Hogan, P.C., answers the allegations of Counts I and II of Plaintiff's Complaint as

follows:

1.     This is an action for damages and injunctive and other relief, asserting
claims for

(1) Breach of non-competition, non-solicitation and confidentiality
provisions of contracts between Garelli Wong and Defendant; and
(2)     Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030
("CFAA").

**ANSWER:**     Defendant admits that Plaintiff purports to allege claims for breach

of contract and violation of the CFAA.  Defendant denies that Plaintiff has stated a claim

for breach of contract in Count II or violation of the CFAA in Count III.

2.     At all times mentioned, Plaintiff Garelli Wong, an Illinois corporation,
was and is authorized to do business in Illinois and operates an office located in Chicago,
Illinois, at 200 S. Michigan Ave Suite 1220 Chicago, IL 60604 ("Garelli Wong's Chicago
office").  Garelli Wong also operates offices at Schaumburg and Oakbrook, Illinois.
Beginning in or about April 2006, MPS Group, Inc. ("MPS") purchased and became the
owner of Garelli Wong and became entitled to the benefit of all of Garelli Wong's
existing assets, including employment agreements that Garelli Wong had with various of
its employees.

**ANSWER:**    Defendant admits that Plaintiff is an Illinois corporation with offices in Chicago, Schaumburg and Oakbrook, and that Plaintiff was purchased by MPS. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 2.

3.    Defendant is an individual who resides at 5638 N. Karlov Avenue, Chicago, Illinois 60646 and is a former employee of Garelli Wong in its Jackson Wabash division.  At all times mentioned, Defendant transacted substantial business in and out of Cook County, Illinois, and is now directly competing directly against Garelli Wong and soliciting its clients in violation of his contractual obligations to Garelli Wong.

**ANSWER**:    Defendant admits he resides at 5638 N. Karlov Avenue, Chicago, Illinois 60646 and is a former employee of Plaintiff in its Jackson Wabash division. Defendant admits that he is currently engaging in the same general types of activities (professional recruiting and executive search services for accounting and financial professionals in the Chicago, Illinois metropolitan area) that he engaged in while employed by Plaintiff, and before he became employed by Plaintiff.  Answering further, Defendant denies that he is competing directly against Garelli Wong and soliciting its clients in violation of his contractual obligations to Plaintiff.  Answering further, Defendant states that he is sourcing leads exclusively through information available in the public domain, including a subscription to the CareerBuilder database, and intentionally avoids companies Defendant knows were working with Plaintiff.

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and its supplemental jurisdiction.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 4.

5.    Venue of this action is proper in this Court under 28 U.S.C. § 1391(a) and (b).

**ANSWER:**  Because Defendant believes this Court lacks subject matter jurisdiction over this action, Defendant denies the allegations set forth in Paragraph 5.

6.     Garelli Wong is a recognized leader in providing professional recruiting and executive search services for accounting and financial professionals in the Chicago, Illinois metropolitan area.  Garelli Wong's core business is providing temporary and permanent accounting and financial personnel and services to clients.  Garelli Wong personnel temporarily assigned to work for clients are referred to as its "consultants," and prospective consultants are termed "candidates."

**ANSWER:**  Defendant admits the allegations set forth in the final two sentences of Paragraph 6, but denies the allegations set forth in the first sentence of Paragraph 6.

7.     Garelli Wong's Chicago office serves clients in the Chicago, Illinois market and surrounding areas.

**ANSWER:**  Defendant admits the allegations set forth in Paragraph 7.

8.     On or about December 1, 2003, Garelli Wong hired Defendant and he became a Senior Staffing Consultant working out of Garelli Wong's Chicago office.

**ANSWER:**  Defendant admits the allegations set forth in Paragraph 8.

9.     As a Senior Staffing Consultant for Garelli Wong's Chicago office, Defendant was Garelli Wong's primary and key contact with certain of its clients and prospective clients.  In this capacity, Defendant developed personal relationships with, and/or confidential knowledge about, Garelli Wong's clients and employees, candidates and consultants Garelli Wong recruited, and the key contacts within Garelli Wong's clients.  In that capacity, he also learned those clients' preferences and needs not generally known in the industry.

**ANSWER:**  Defendant admits that he was Plaintiff's primary contact with certain of its clients and prospective clients, and that he developed personal relationships with certain clients and employees, candidates and consultants Plaintiff recruited.  Defendant denies the remaining allegations in Paragraph 9, including the allegation the he obtained information not generally known in the industry.  Answering further, Defendant states that there were virtually no situations where Plaintiff was the sole

recruiting firm working with a client; in every situation Defendant can recall, a client was working with and had been solicited by other recruiting firms.

10.     Garelli Wong has devoted substantial time and expense to identify clients receptive to Garelli Wong's services, identifying the key decision makers within those various clients, cultivating Garelli Wong's client relationships, learning the specialized needs and preferences of Garelli Wong's clients, determining how those needs match the capabilities of Garelli Wong's employees, and working out client-specific pricing and service arrangements. Garelli Wong has a near-permanent relationship with its customers based upon numerous factors including but not limited to the number of years that Garelli Wong spent in developing of clientele, the significant amount of money Garelli Wong invested in development of clientele, the significant degree of difficulty in developing clientele in a highly competitive market, the amount of personal customer contact required by its employees, including Defendant, the extent of Garelli Wong's detailed knowledge of its clientele, the length of time that the customers have been associated with Garelli Wong, and the continuity of Garelli Wong's relationships with customers.

**ANSWER:**     Defendant admits that Plaintiff has devoted time to identifying clients receptive to Plaintiff's services, identifying decision makers within those various clients, cultivating Plaintiff's client relationships, learning the needs and preferences of Plaintiff's clients, determining how those needs match the capabilities of Plaintiff's employees, and working out client-specific pricing and service arrangements. Defendant denies the remaining allegations in Paragraph 10.

11.     Garelli Wong has also spent substantial time and money to develop confidential information about potential candidates to serve its clients' needs and information which permits Garelli Wong to reach conclusions about which clients Garelli Wong wishes to serve and which offer the most attractive opportunities.

**ANSWER:**     Defendant admits that Plaintiff met with candidates and clients in an effort to match their needs and requirements, but denies the remaining allegations set forth in Paragraph 11.

12.     Garelli Wong uses its Senior Staffing Consultants, such as Defendant, to maintain its direct, day-to-day contact with Garelli Wong's clients. The Senior Staffing Consultants spend most of their time in the market area building direct relationships with Garelli Wong's clients and working with Garelli Wong to meet client needs. In short, Garelli Wong's Senior Staffing Consultants are the "face" of Garelli Wong to its clients.

**ANSWER:**    Defendant admits that, as a Senior Staffing Consultant, he maintained direct contact with Plaintiff's prospective clients, and engaged in marketing activities.  Defendant denies the remaining allegations set forth in Paragraph 12.

13.    Defendant was responsible to for meeting and communicating directly with the Garelli Wong clients that he served to learn how best to serve them.  Each opportunity leads to others with that client and to referrals to other clients.  Once a company sees what Garelli Wong can do in this area and the cost relative to hiring its own employees, additional business results.

**ANSWER:**    Defendant admits that his responsibilities included meeting and communicating directly with the Plaintiff's clients.  Defendant denies the remaining allegations in Paragraph 13.

14.    Garelli Wong does not simply send in temporary employees when informed of a need.  Rather, Garelli Wong pays its Senior Staffing Consultants to work to understand and anticipate client needs, and how Garelli Wong can best serve those specific needs.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 14.

15.    During and as a part of his employment with Garelli Wong, Defendant thus learned very detailed information about client needs and preferences, including knowledge about clients' hiring managers.  The hiring managers of the clients are typically the most important client contact for Garelli Wong.

**ANSWER:**    Defendant admits that, during his employment with Plaintiff, Defendant learned information about client needs and preferences, including knowledge about clients' hiring managers, and admits that client hiring managers are often the most important client contact for Plaintiff.  Defendant denies the remaining allegations in Paragraph 15.

16.    Defendant also learned about the billing arrangements into which Garelli Wong or the client is willing to enter.  He became familiar, for example, with the type of billing arrangements Garelli Wong would and would not offer, what margins Garelli Wong expects from various types of clients, and the conditions under which Garelli Wong would change its regular requirements.

**ANSWER:**   Defendant admits the allegations set forth in Paragraph 16.

17.   Defendant met with clients to learn the types of issues they were encountering in the finance and accounting area, identify growth areas within their firms or companies, and identify particular jobs that may need temporary employees.

**ANSWER:**   Defendant admit the allegations set forth in Paragraph 17.

18.   In addition to developing substantial relationships and goodwill with, and confidential knowledge about, Garelli Wong's clients, Defendant learned confidential information about Garelli Wong's pool of screened consultants to serve the clients.  For example, Defendant knows the rates Garelli Wong pays to its various consultants, the mark-up on those rates, and the flexibility Garelli Wong has to work with different clients on project-specific, or sometimes client-specific, placement.  Defendant also knows such information as whether a particular candidate or consultant recently worked on a project that would result in that candidate being conflicted in or out of a particular job.

**ANSWER:**   Defendant admits that he obtained general information of the type described in the first two sentences of Paragraph 18, but denies it was confidential information.  Answering further, Defendant states that, based upon his experience in the recruiting industry prior to joining Plaintiff, pricing is similar across the industry and there is nothing unique about the manner in which Plaintiff priced its business.  Answering further, Defendant states that, in many instances, clients will specify a non-negotiable price they are willing to pay.  Defendant denies the allegations set forth in the final sentence of Paragraph 18.

19.   Garelli Wong has invested substantial time and money in assisting Defendant in developing the client and candidate relationships and confidential information about them to serve the clients.  Defendant's relationships with those clients and knowledge of their needs and preferences arose from his position with Garelli Wong.

**ANSWER:**   Defendant denies the allegations set forth in Paragraph 19.  Answering further, Defendant states that Defendant marketed to whom he chose and spent his time as he saw fit; Plaintiff did not provide Defendant with leads or existing client accounts.

20.     Moreover, Defendant had access to and regularly used the confidential and proprietary business information and trade secrets of Garelli Wong to further Garelli Wong's client relationships.  For example, he used Garelli Wong's trade secret client and candidate database ("the Database"), which contains certain client, candidate and consultant specific information.

**ANSWER:**     Defendant admits that he had access to and used Plaintiff's Database containing client and candidate information.  Defendant denies the remaining allegations set forth in Paragraph 20.

21.     The Database was compiled over an extensive amount of time and a significant expense to Garelli Wong.  Garelli Wong has made significant efforts to maintain the confidentiality of such information.  The Database is housed in a secure server, all authorized users are required to enter personalized passwords to access it, and no one is permitted to use it except for serving Garelli Wong clients on behalf of Garelli Wong.

**ANSWER:**     Defendant admits that the Database was compiled over a period of time, and that the Defendant was required to enter a personalized password to access it.  Defendant lacks knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 21.

22.     The Database, together with other confidential and proprietary information, particularly as to client contact information and billing practices, is unique to Garelli Wong and gives Garelli Wong a significant competitive advantage in the marketplace.  All employees using it are required to sign a confidentiality agreement at the start of their employment.

**ANSWER:**     Defendant denies the allegations set forth in the first sentence of Paragraph 22, and lacks knowledge sufficient to admit or deny the remaining allegations set forth in Paragraph 22.

23.     The proprietary information in Garelli Wong's Database includes Garelli Wong's candidate and client activity tracking information (including billing rates, margins, candidate identities and status, employee information, client identities and the names of client contacts, decisionmakers, and requirements).

**ANSWER:**    Defendant admits that the Database contains the listed information.

Defendant denies the remaining allegations set forth in Paragraph 23.

24.    Garelli Wong does not share its trade secrets and confidential proprietary information about how it serves its clients with its competition.  It uses this information to expand client relationships and build goodwill.  Defendant's authorization to use the database was limited to Garelli Wong's business.

**ANSWER:**    Defendant admits that Plaintiff does not share information about

how it serves its clients with its competition.  Defendant denies the remaining allegations

in Paragraph 24.

25.    Because Garelli Wong's Senior Staffing Consultants are its key contacts with its clients and they learn, possess and use Garelli Wong's valuable and confidential information, when a Senior Staffing Consultant leaves Garelli Wong, it takes a substantial period of time to transfer the goodwill that employee has developed with the clients, and the knowledge the employee has learned about the client, to others.  To protect Garelli Wong's legitimate business interest during that period, and to create a level playing field, Garelli Wong seeks to restrain certain competitive activities by former Senior Staffing Consultants, as described below.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 25.

26.    Consequently, as a condition of his hiring by and employment with Garelli Wong, Defendant was required to sign, and did sign on December 1, 2003, a Confidentiality and Non-Solicitation Agreement prohibiting him from soliciting Garelli Wong's employees and clients, and from disclosing or using Garelli Wong's trade secrets or confidential or proprietary information.

**ANSWER:**    Defendant admits that he was required to sign, and did sign on

December 1, 2003, Plaintiff's form Confidentiality and Non-Solicitation Agreement, a

true and accurate copy of which is attached to Plaintiff's Complaint as Exhibit A.

Defendant denies the remaining allegations set forth in Paragraph 26.

27.    A copy of Defendant's Confidentiality and Non-Solicitation Agreement dated December 1, 2003, is attached hereto as Exhibit A and incorporated by reference herein.

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 27.

28.     The Confidentiality and Non-Solicitation Agreement contain narrowly tailored restrictive covenants on non-competition and non-solicitation.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 28.

29.     In paragraph 4 of his Confidentiality and Non-Solicitation Agreement, Defendant agreed that for the six (6) month period following the end of his employment with Garelli Wong, Defendant would not, for the benefit of any "Competitive Business":

> [d]irectly or indirectly perform services for or solicit (or assist other persons or entities to perform services for, or solicit) any Client for which the Employee, during the one-year period prior to the termination of the Employee's employment with the Company: 1) performed services, 2) had any direct Client or Potential client, or 3) received financial credit for any placements.

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 29.

30.     In paragraph 2 of the Confidentiality and Non-Solicitation Agreement, Defendant agreed that he would not, at any time, disclose, or use for the benefit of himself or anyone other than Garelli Wong, any of Garelli Wong's trade secrets or confidential or proprietary information, including the Company's candidate database.  In paragraph 3 of the same Agreement Defendant agreed to return all Company materials immediately upon termination of employment.

**ANSWER:**    Defendant denies that Paragraph 30 fully and accurately sets forth

the content of Paragraphs 2 and 3 of the Agreement.

31.     These covenants and prohibitions are reasonably tailored to protect Garelli Wong's legitimate business interests in the highly competitive accounting and financial staffing placement market.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 31.

32.     Defendant and Garelli Wong agreed that Defendant's Confidentiality and Non-Solicitation Agreement would be "governed by, and construed and enforced in accordance with the laws of the State of Illinois."

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 32.

33.     Defendant agreed that any breach of paragraphs 2, 3, 4, or 5 of the Confidentiality and Non-Solicitation Agreement would cause Garelli Wong to suffer irreparable damage for which there would be no adequate legal remedy and that, in addition to other remedies,  Garelli Wong would be entitled to injunctive relief.

**ANSWER:**     Defendant admits that Paragraph 9 of the Plaintiff's form agreement sets forth terms similar to those alleged in Paragraph 33.

34.     In or about April 2006, MPS acquired ownership of Garelli Wong and Garelli Wong became part of MPS's corporate family.

**ANSWER:**     Defendant admits that Plaintiff was sold, but lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 34.

35.     On or about June 27, 2006, Defendant entered into a Restricted Stock Agreement (the "RSA") with MPS.  A copy of the Restricted Stock Agreement between Defendant and MPS is attached hereto as Exhibit B and incorporated by reference herein. The RSA specifically provided that, for purposes of the restrictive covenants set forth therein, the term "Employer" includes subsidiaries or affiliates of MPS (see RSA section 7).

**ANSWER:**     Defendant admits the allegations set forth in Paragraph 35.

36.     In the RSA, Defendant was granted 1,500 shares of MPS Group's common stock.

**ANSWER:**     Defendant denies that he received any shares of MPS Group's common stock.  Answering further, Defendant admits that Exhibit B recites that he was issued 1,500 *unvested* shares of MPS Group's common stock.

37.     In exchange for the shares, Defendant agreed to certain restrictive covenants, including not to solicit employees of the Employer (RSA section 7(a)), not to solicit clients of the Employer of the office to which he was assigned (RSA section 7(b)), and not to compete with the Employer (RSA section 7(c)).  Specifically, paragraph 7(c) of the Restricted Stock Agreement states, in part, that for a twelve (12) month period immediately following the end of the Defendant's employment, Defendant:

> shall not, either directly or indirectly, either on his or her own behalf or on behalf of another business, engage in or assist others in the following activities:
> ***
> (c)  Entering into, engaging in, being employed by, being connected to, consulting or rendering services for, any enterprise that is offering or performing services similar to, or in competition with, business or services offered or performed by Employer at the time of the termination of Employee's employment from the Employer.  The geographic score of the restriction stated in this

Subsection 7(c) shall be limited to prohibit such activities only from or within a 50 square mile radius of each office to which Employee was assigned or, if in management, each office or offices under Employee's managerial authority, at any time during the twelve (12) month period immediately preceding the termination of Employee's employment from the Employer….

**ANSWER:**     Defendant denies that he received the subject shares, and therefore denies that he entered into any binding agreement in exchange for the shares.

38.     The 50-mile radius running from Garelli Wong's Chicago office is the core area where the vast majority of Garelli Wong's Chicago office clients are located.  It is within this area where Garelli Wong's Chicago office conducts its business and where Garelli Wong's goodwill has been established.  This area is where Defendant's activities primarily took place for Garelli Wong and where he utilized his position and resources at Garelli Wong to develop and serve Garelli Wong's clients.

**ANSWER:**     Defendant admits that the vast majority of the Plaintiff's clients were located, and that his activities occurred, within a 50 mile radius of Plaintiff's Chicago office.  Answering further, however, Defendant denies that the geographic area which he served can be reasonably equated with the geographic area within a 50 mile radius of Plaintiff's Chicago office.

39.     In paragraph 8 of the Restricted Stock Agreement, Defendant further agreed that he would not, at any time, directly or indirectly disclose or use any confidential or proprietary information concerning the business of the Employer.

**ANSWER:**     Plaintiff admits the allegations set forth in Paragraph 39.

40.     Defendant agreed that the Restricted Stock Agreement would be governed and interpreted by the laws of the state of Florida.

**ANSWER:**     Plaintiff admits that Paragraph 11 of MPS Group's form agreement contains a choice of law provision which calls for the application of Florida law.

41.     Defendant agreed that a violation, or threatened violation, of paragraphs 7 and 8 of the Restricted Stock Agreement could not be remedied by money damages alone

- 11 -

and that a party injured by a threatened or continuing violation would be entitled to injunctive relief.

**ANSWER:**     Defendant admits that Paragraph 12(e) of MPS Group's form agreement sets forth terms similar to those set forth in Paragraph 41.

42.     On Friday, September 28, 2007, Defendant voluntarily resigned from employment with Garelli Wong.  Upon information and belief, Defendant is currently working in direct competition with Garelli Wong.

**ANSWER:**     Defendant admits that, on or about the date alleged, Defendant resigned his employment with Plaintiff.  Defendant denies the remaining allegations set forth in Paragraph 42.

43.     Prior to his resignation from employment with Garelli Wong, Defendant compiled significant amount of Garelli Wong's confidential and proprietary client and candidate information.  Upon information and belief, Defendant used Garelli Wong's Database to retrieve all or portions of this information and he exceeded his authorization for Garelli Wong by doing so.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 43.

44.     Defendant attempted to send this information to his personal e-mail account and/or copied it for his personal use.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 44. Answering further, Defendant states that, during the course of his employment with Plaintiff, Defendant would regularly send emails to himself to permit Defendant to perform services for the benefit of Plaintiff after hours and on weekends.

45.     Immediately following his resignation from Garelli Wong, Defendant contacted a candidate of Garelli Wong and attempted to recruit that candidate for a position on behalf of his current employer.  To contact that candidate, Defendant used confidential information to which only Garelli Wong had access and which Defendant exceeded his authorization at Garelli Wong to obtain and copy.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 45.

46.    In October 2007, Garelli Wong learned that Defendant had solicited and attempted to recruit a Garelli Wong candidate.

**ANSWER:**    Defendant lacks sufficient knowledge to admit or deny the allegations regarding what Plaintiff allegedly learned set forth in Paragraph 46, but denies that he knowingly solicited or attempted to recruit a candidate working in whole or in part with Plaintiff.

47.    Garelli Wong also learned that Defendant contacted or was trying to contact one or more Garelli Wong clients to set up meetings. Garelli Wong also learned that Defendant informed at least one Garelli Wong client that he is working for a company called "Torrey and Gray".

**ANSWER:**    Defendant lacks sufficient knowledge to admit or deny the allegations regarding what Plaintiff allegedly learned set forth in Paragraph 47, but denies that he knowingly contacted or was trying to contact one or more clients working in whole or in part with Plaintiff.

48.    Upon information and belief, Defendant is working in a capacity similar to the Senior Staffing Consultant position he held with Garelli Wong, in direct competition with Garelli Wong, and his competitive activities occurred within the scope of his agreements with Garelli Wong and MPS.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 48.

49.    Defendant is using Garelli Wong's confidential and proprietary information to contact, solicit, recruit, or attempt to solicit and recruit, Garelli Wong's candidates.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 49.

50.    Defendant is using Garelli Wong's confidential and proprietary information, and his relationships with Garelli Wong clients, developed during his employment with Garelli Wong, to target and solicit Garelli Wong's clients in order to compete against Garelli Wong for those clients.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 50.

51.    As a result of Defendant's actions, Garelli Wong stands to suffer, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Garelli Wong's loss is presently impossible to fully quantify.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 51.

52.    Garelli Wong is threatened with the erosion and loss of clients and client relationships, loss of goodwill, and los of Garelli Wong's confidential information – precisely what it and MPS Group contracted with Defendant to prevent.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 52.

53.    Defendant's conduct was and is willful, intentional, and not privileged.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 53.

54.    All conditions precedent to filing suit have been performed, occurred or excused.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 54.

## Count I

55.    Plaintiffs [sic] repeat and reallege their [sic] responses [sic] set forth in paragraphs 1-54 above as if fully set forth herein.

**ANSWER:**    Pursuant to Federal Rule of Civil Procedure 10(c), Defendant

adopts by reference his answers to Paragraphs 1-54 as though fully set forth herein.

56.    The Confidentiality and Non-Solicitation Agreement between Defendant and Garelli Wong is a valid and enforceable contract, and Garelli Wong has honored its obligations under the Agreement.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 56.

57.    Defendant has breached, is breaching, and unless enjoined, will continue to breach his obligations under the Confidentiality and Non-Solicitation Agreement.

**ANSWER:**    Defendant denies the allegations set forth in Paragraph 57.

58.    Defendant's conduct has caused and/or stands to cause Garelli Wong substantial and immediate irreparable injury, including, but not limited to, the potential loss of near-permanent client relationships, candidate relationships, goodwill, and its trade secret, confidential, and proprietary business information.  Unless enjoined, Defendant will continue to breach his obligations and cause further such injury.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 58.

59.     As a result of these breaches, Garelli Song has suffered damage in an amount that cannot presently be determined.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 59.

60.     A permanent loss of such client relationships, potential business, and/or trade secret, confidential and proprietary business information cannot be adequately remedied in an action for damages.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 60.

61.     Garelli Wong had legitimate business interests in obtaining a restrictive covenant from Defendant and has legitimate business interests in enforcing that covenant.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 61.

## Count II

62.     Plaintiffs [sic] repeat and reallege their [sic] responses [sic] set forth in paragraphs 1-54 above as if fully set forth herein.

**ANSWER:**     Pursuant to Federal Rule of Civil Procedure 10(c), Defendant

adopts by reference his answers to Paragraphs 1-54 as though fully set forth herein.

63.     The Restricted Stock Agreement between Defendant and MPS is a valid and enforceable contract, and MPS has honored its obligations under the Agreement.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 63.

64.     Garelli Wong is a subsidiary or affiliate of MPS and is entitled as an "Employer" referenced therein to the benefit of Defendant's obligations under the Restricted Stock Agreement.  Garelli Wong thus is entitled to directly enforce the Defendant's obligations therein.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 64.

65.     Defendant has breached and is breaching and unless enjoined will continue to breach his obligations under the Restricted Stock Agreement.

**ANSWER:**     Defendant denies the allegations set forth in Paragraph 65.

66.     Defendant's conduct has caused and stands to cause Garelli Wong substantial and immediate irreparable injury, including, but not limited to, the potential

loss of near-permanent client relationships, candidate relationships, goodwill, and its trade secret, confidential, and proprietary business information.   Unless enjoined, Defendant will continue to breach his obligations and cause further such injury.

   **ANSWER:** Defendant denies the allegations set forth in Paragraph 66.

   67. As a result of these breaches, Garelli Wong has suffered damage in an amount that cannot presently be determined.

   **ANSWER:** Defendant denies the allegations set forth in Paragraph 67.

   68. A permanent los of clients or potential business cannot be adequately remedied in an action for damages.

   **ANSWER:** Defendant denies the allegations set forth in Paragraph 68.

   69. Legitimate business interests support the obtaining of a restrictive covenant from Defendant.

   **ANSWER:** Defendant denies the allegations set forth in Paragraph 69.

## Count III

   Defendant makes no answer to Count III on the grounds that he has previously moved to dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6), and, as a result, has moved for the dismissal of Counts I and II on the basis of lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## Affirmative Defenses

   **Lack Of Subject Matter Jurisdiction.** Pursuant to Federal Rule of Civil Procedure 10(c), Defendant adopts the terms of his previously filed 12(b)(1) motion as an though fully set forth herein.

   **Estoppel.** Plaintiff founded its business in alleged violation of its  named founders' restrictive covenants with Robert Half International, Inc. *See* Robert Half International, Inc. v. Wong, et al., Case No. 1:01-cv-01489 (N.D. Ill. Filed 9/26/01). Additionally, Plaintiff hired the Defendant in violation of the terms of the restrictive

covenants contained in his agreements with Robert Half International, Inc. ("RHI"), and agreed to defend him in any action filed against him by RHI.  Under the circumstances, Plaintiff is estopped from asserting it has a legitimate protectable interest to justify the restraints on competition which it seeks to enforce against the Defendant.

**Failure To State A Claim.**    Count II fails to state a claim upon which relief can be granted in favor of the Plaintiff.

**Lack of Standing**.     Plaintiff lacks standing to assert a claim pursuant to the agreement entered into between MPS Group and Defendant.  Plaintiff is neither a party to that agreement and/or an intended third party beneficiary of that agreement.

**Lack of Capacity to Sue.**     Upon information and belief, MPS Group is a foreign corporation transacting business in Illinois, but not registered to do so.  Pursuant to the Illinois Business Corporation Act, in order to transact business in Illinois, a foreign corporation must obtain authority from the Secretary of State.  *See* 805 ILCS 5/13.05.  Unless it obtains the requisite authority, a foreign corporation may not maintain a civil action in any Illinois court. *See* 805 ILCS 5/13.70.

WHEREFORE, Defendant, WILLIAM M. NICHOLS, respectfully requests this Honorable Court to deny Plaintiff the relief requested in the Complaint, and to enter judgment in favor of the Defendant, together with all costs and other relief  which the Court deems just.

Dated: December 3, 2007

Respectfully submitted,


/s Daniel P. Hogan_____
Attorney for Defendant
WILLIAM M. NICHOLS

Daniel P. Hogan
McCabe & Hogan, P.C.
19 S. Bothwell Street, Suite 200
Palatine, Illinois 60067
(847) 359-6100
ARDC No. 6182808

<u>CERTIFICATE OF SERVICE</u>

I, Daniel P. Hogan, an attorney, certify that service of Defendant's Answer to Counts I and II of Plaintiff's Complaint on Plaintiffs' counsel was accomplished pursuant to ECF.


s/ Daniel P. Hogan_____
Daniel P. Hogan