UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARELLI WONG & ASSOCIATES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WILLIAM M. NICHOLS, ) <br> ) <br> Defendant. ) <br> ) | CASE NO.: 1:07-cv-06227 <br><br> JUDGE KOCORAS |

**PLAINTIFF GARELLI WONG & ASSOCIATES, INC.'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS PURSUANT TO 12(b)(1) AND (6)**

Plaintiff Garelli Wong & Associates, Inc. ("Garelli Wong" or "Plaintiff") responds to Defendant, William M. Nichols' ("Nichols" or "Defendant") Motion to Dismiss Pursuant to 12(b)(1) and (6) ("Motion") as follows:

### I.   Standards for Ruling on a Motion to Dismiss

A motion based upon Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of a party's claim for relief. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990). Defendant has the burden of establishing the legal insufficiency of the Complaint. Wright v. International Business Machines, Corp., 796 F.Supp. 1120, 1124 (N.D.Ill. 1992). In determining whether to grant a motion to dismiss, the Court assumes all well-pleaded allegations in the complaint to be true and draws all reasonable inferences in the Plaintiff's favor. Fed.R.Civ.P. 12(b)(6); Christensen v. County of Boone, Illinois, 483 F.3d 454, 457 (7th Cir. 2007). Detailed factual allegations are not necessary, although merely reciting the elements of a cause of action is insufficient. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); Killingsworth v. HSBC Bank Nevada, N.A., 2007 WL 3307084, at *3 (7th Cir. Nov. 9, 2007) (observing that the Supreme

Court in Bell Atlantic "retooled federal pleading standards" such that a complaint must now contain "enough facts to state a claim to relief that is plausible on its face."). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. O'Neal v. City of Chicago, 2007 WL 4197501, *1 (N.D.Ill. 2007) (citing Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999)).

The Seventh Circuit has stated that a "complaint need not spell out every element of a legal theory" to provide adequate notice. Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999) (quoting Hemenway v. Peabody Coal Co., 159 F.3d 255, 261 (7th Cir. 1998)). Moreover, "a plaintiff can plead conclusions as long as those conclusions provide the defendant with minimal notice of the claim." Scott, 195 F.3d at 952 (citing Jackson v. Marion County, 66 F.3d 151, 154 (7th Cir. 1995)).

## II.     Legal Argument

Defendant contends the allegations in the Complaint are insufficient to state a cause of action under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, because "there is no allegation here that the Defendant deleted or otherwise destroyed any computer files or software."  Motion, ¶5.  Defendant asserts the allegations of the Complaint fail to meet the requirements of "damage or loss" within the meaning of the CFAA.  Defendant's argument lacks merit for a number of reasons, and therefore he cannot meet his burden of establishing the legal insufficiency of the Complaint.  Wright, 796 F.Supp. at 1124.

As a threshhold matter, Plaintiff's allegations are much more substantial than merely "the possible copying of data," as Defendant contends in his Motion. Motion, ¶7. Defendant fails to mention that Plaintiff also alleged, *inter alia*, the following:

1. "Defendant intentionally accessed Garelli Wong's Database without authorization and/or exceeded his authorized access, and transferred or attempted to transfer that information outside of Garelli Wong to his own possession, thereby misappropriating and obtaining valuable confidential, proprietary and trade secret information belonging to Garelli Wong."  Complaint, ¶ 72.

2. "Defendant is using Garelli Wong's confidential and proprietary information to contact, solicit, recruit, or attempt to solicit or recruit, Garelli Wong candidates."  Id. at ¶ 49.

3. "As a result of Defendant's actions, Garelli Wong stands to suffer, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Garelli Wong's loss is presently impossible to fully qualify."  Id. at ¶51.

4. "Garelli Wong is threatened with the erosion and loss of clients and client relationships, loss of goodwill, and loss of Garelli Wong's confidential information – precisely what it and MPS Group contracted with Defendant to prevent."  Id. at ¶52

5. "Defendant's conduct caused losses to Garelli Wong in excess of $5,000."  Id. at ¶ 73.

A.     **Misappropriation Is Damage or Loss Under the CFAA.**

A complaint under the CFAA need merely allege that the plaintiff suffered a "damage *or* loss" as defined in the CFAA.  See 18 U.S.C. § 1030(g) (emphasis supplied).  The CFAA defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information."  18 U.S.C. § 1030(e)(8).  "Loss" is defined as: "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring

3

the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

Defendant states that Plaintiff failed to adequately plead "damage or loss" under the CFAA because "there is no allegation here that the Defendant deleted or otherwise destroyed any computer files or software." Motion, ¶5. However, Defendant's contention that the loss alleged within the Complaint cannot satisfy the statutory requirement of damages is inconsistent with the definition contained within the statute itself. George S. May Intern. Co. v. Hostetler, 2004 WL 1197395, *4 (N.D.Ill. 2004) (holding there is "no principled reason, nor has [Defendant] offered one, why infringement of copyrighted material taken from a protected computer system would not qualify as impairment of the integrity of the copyrighted information").

Plaintiff's Complaint alleges that Defendant misappropriated its confidential and proprietary computer information without authorization and/or by exceeding the authorization granted by Plaintiff. Nevertheless, Defendant fails to make any argument that allegations of misappropriation of confidential and proprietary information are insufficient to constitute "damage or loss" under the CFAA. Indeed, a number of federal courts, including those in Illinois, have held that the misappropriation of confidential information constitutes damage or loss under the CFAA. See e.g., George S. May Intern. Co. v. Hostetler, 2004 WL 1197395, *4 (N.D.Ill. 2004) (finding that allegations of misappropriation sufficient to show damage under the CFAA and survive dismissal); C.H. Robinson Worldwide, Inc. v. Command Transp., LLC, 2005 WL 3077998, *3 (N.D.Ill. 2005) (stating plaintiff "has properly alleged 'loss' under the CFAA based on its allegations of the loss in value of trade secrets and loss of competitive edge."); Shurgard Storage Centers, Inc. v. Safeguard Self Storage, Inc., 119 F.Supp.2d 1121 (W.D.Wash.

2000) (finding plaintiff stated a damage claim even though the misappropriation did not affect the integrity of the trade secrets within the employer's computers where the employer suffered loss in the form of expenses incurred in modifying its computers to preclude further unauthorized data transfer); Pacific Aerospace & Electronics, Inc. v. Taylor, 295 F.Supp.2d 1188, 1195-97 (E.D.Wash. 2003) (stating the "[c]aselaw supports employer's use of CFAA's civil remedies to sue former employee and their new companies who seek a competitive edge through wrongful use of information from the former employer's computer systems.").

**B.   Allegation of Physical Damage Is Not Required For CFAA Claim**

To support its motion Defendant relies on Airport Centers, LLC v. Citrin, 440 F.3d 418 (7th Cir. 2006) and Forge Industrial Staffing, Inc. v. [De La] Fuente, 2006 WL 2982139 (N.D.Ill. 10/16/06) to stand for the proposition that he must have deleted or otherwise destroyed computer files for a cognizable claim to exist under the CFAA.  Defendant also cites Worldspan v. Orbitz, LLC, 2006 WL 1069128 (N.D.Ill. 4/19/06), for the proposition that merely accessing information does not constitute damage under the CFAA.

These cases are factually distinguishable and do not address the issue presented here – a determination of whether allegations of misappropriation of confidential information are sufficient to survive a motion to dismiss.  Citrin and Forge involve former employees that installed programs designed to destroy or delete files on the employer's computer systems. Nothing in these opinions precludes the sufficiency of allegations of misappropriation of confidential information to demonstrate the requisite damage or loss under the CFAA.

Similarly, Worldspan involved an interpretation of a written agreement between two large information-based companies concerning the sharing of information.  The Worldspan court addressed the distinction between "exceeding authorized access" and accessing information

"without authorization." The plaintiff sought to apply §1030(a)(5)(A)(iii), the statutory provision that prohibits accessing information "without authorization," in a situation where a written agreement existed that authorized defendant's access to plaintiff's computer information. The court held that because Worldspan did not adequately allege that its employee accessed its computers "without authorization" under the provision cited, the CFAA count was dismissed.

An alternative ground for the dismissal in Worldspan, on which Defendant's argument is based, was that the plaintiff there failed to allege "damage," but instead alleged "the mere 'access' of Worldspan's computer system." This is distinguishable from the case at bar because, here, Plaintiff alleges not just mere access, but misappropriation of confidential information. "When an individual or firm's money or property are impaired in value, or money or property is lost, or money must be spent to restore or maintain some aspect of a business affected by a violation, those are "economic damages." Creative Computing v. Getloaded.com LLC, 386 F.3d 930, 935 (9th Cir. 2004) (holding misappropriation of confidential and trade secret information constitutes damages under the CFAA); Fiber Systems Intern., Inc. v. Roehrs, 470 F.3d 1150, 1158-59 (5th Cir. 2006) (finding a $26,000 cost for efforts of data recovery expert in misappropriation case included as CFAA damages).

Defendant's motion posits that unless Plaintiff alleges data or files were "destroyed or erased," the requisite allegations to make a claim do not exist. Motion, ¶7. To the contrary, Plaintiff can assert a cognizable claim under the CFAA simply by alleging it suffered a "loss" as defined by the CFAA. Patriot Homes, Inc. v. Forest River Housing, Inc., 2006 WL 1752143, *4 (N.D.Ind. 2006). It is proper to use the CFAA's civil remedies for relief against former employees and their new companies who seek a competitive advantage through wrongful use of information from the former employer's computer systems. See Charles Schwab & Co. v.

Carter, 2005 WL 351929, *3 (N.D.Ill. 2005); Dudick, ex rel. Susquehanna Precision, Inc. v. Vaccaro, 2007 WL 1847435 (M.D.Pa. 2007); Nilfis-Advance, Inc. v. Mitchell, 2006 WL 827073, *2 (W.D.Ark. 2006).

### III.  Conclusion

The CFAA, among its other purposes, "is intended to punish those who illegally use computers for commercial advantage." Shurgard, 119 F.Supp.2d at 1129. Plaintiff has sufficiently alleged that Defendant used its computers for commercial advantage. The issue for this Court to consider is whether that Plaintiff's allegations are sufficient to satisfy federal notice pleading standards.

The Seventh Circuit has stated that a "complaint need not spell out every element of a legal theory" to provide adequate notice. Scott, 195 F.3d at 951. Moreover, "a plaintiff can plead conclusions as long as those conclusions provide the defendant with minimal notice of the claim." Id. at 952. Plaintiff's allegations provide, at the very least, sufficient minimal notice of the claim, and Defendant cannot say that Plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Since the allegations in Count III of Plaintiff's Complaint are sufficient to state a cause of action under the CFAA, subject matter jurisdiction exists and Plaintiff's motion seeking dismissal of Counts I and II of Plaintiff's Complaint also should be denied.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety.

Respectfully submitted this 11th day of December 2007.

                        **GARELLI WONG & ASSOCIATES, INC.**


                        By:  *s/ David N. Michael*
                        **DAVID N. MICHAEL** (ARDC # 6216553)
                        **GOULD & RATNER LLP**
                        222 North LaSalle Street
                        Suite 800
                        Chicago, Illinois 60601
                        P:  312.236.3003
                        F:  312.236.3241

                        Of Counsel admitted *pro hac vice*
                        Robert G. Riegel, Jr.
                        Fowler White Boggs Banker P.A.
                        50 N. Laura Street
                        Suite 2200
                        Jacksonville, Florida 32202
                        P: 904.446.2650
                        F: 904.562.1751
                        **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

1.      I hereby certify that a copy of Plaintiff Garelli Wong & Associates, Inc.'s Response to Defendants Motion to Dismiss Pursuant to [Rule] 12(b)(1) and (6) has been filed via electronic filing pursuant to ECF on this 11th day December, 2007, upon the following:

>Daniel P. Hogan, Esq.
>McCabe & Hogan, P.C.
>19 Bothwell Street, Ste 200
>Palatine, IL 60067
>*Counsel for Defendant*

>>*s/ David N. Michael*
>>Attorney